[Civ. No. 34743. Second Dist., Div. One. Mar. 10, 1970.]

RAY M. FRY, Plaintiff and Appellant, v.
ELLIS E. FRY, Defendant and Respondent.

## COUNSEL

Bennett, Leonard & Adelman and Robert T. Bertholdo for Plaintiff and Appellant.

Cohen & Alexander and Charles W. Cohen for Defendant and Respondent.

## OPINION

**LILLIE, Acting P. J.**—An interlocutory judgment of divorce, entered January 2, 1965, provided that defendant pay support of $100 per month for each of two minor children and alimony of $25 per month, the amount to be increased to $75 per month upon termination of support payments for the first child and to $125 per month upon termination of support of both children. On December 2, 1965, a final judgment of divorce was entered; 30 days thereafter plaintiff married Jerome Palumbo. The Palumbo marriage was annulled on October 28, 1966, on the ground that he had another wife living, the trial judge finding the marriage void (Civ. Code, § 82, subd. Two) from the beginning. On October 3, 1968, plaintiff filed an order to show cause seeking an increase in alimony. It is from an order dismissing the order to show cause plaintiff appeals.

The sole question is whether the Palumbo marriage, declared void by the court (No. D 691562), extinguished plaintiff's right to further alimony under the Fry divorce decree.

The interlocutory decree specifically states that alimony shall continue until plaintiff dies, remarries or until further order of court. Section 139, Civil Code, provides that except as otherwise agreed by the parties in writing the obligation of any party in any decree for the support and maintenance of the other "shall terminate upon the death of the obligor or upon the remarriage of the other party." Appellant's position is that a void marriage is not a "remarriage" within the meaning of the foregoing. Relying upon dictum in *Sefton* v. *Sefton*, 45 Cal.2d 872 [291 P.2d 439], and *Husted* v. *Husted*, 222 Cal.App.2d 50 [35 Cal.Rptr. 698], both involving voidable

marriages, she asks this court to reject the subsequent clear holding of *Berkely* v. *Berkely,* 269 Cal.App.2d 872 [75 Cal.Rptr. 294] (petition for hearing by Supreme Court denied). In *Berkely* the issue was identical with that here presented and the court held appellant was not entitled to receive alimony after the date of her remarriage though void as bigamous; this authority controls our determination.

*Sefton* v. *Sefton* (1955) 45 Cal.2d 872 [291 P.2d 439], held that under section 139, Civil Code, a voidable marriage terminated the right to alimony which was not reinstated on the annulment of such a marriage. The court's discussion left the suggestion that had the second marriage been a void one a different conclusion might have resulted. *Husted* v. *Husted* (1963) 222 Cal.App.2d 50 [35 Cal.Rptr. 698], also involved a voidable marriage. As to *Sefton* the court stated at page 54: "However, it is clear from the language of that opinion that a *void* marriage would not have a like effect [terminate the right to alimony]." After a lengthy discussion concerning the kind of marriage entered into by appellant the second time, the court, somewhat gratuitously echoing the dictum in *Sefton,* stated, "Having failed to satisfy the trial court that she was, in fact, the victim of a void marriage, appellant's rights to alimony fell with her admitted second marriage, whether that marriage be regarded as valid or as voidable." (P. 57.)

In *Berkely* v. *Berkely* (1969) 269 Cal.App.2d 872 [75 Cal.Rptr. 294], the court was faced with the issue of the effect of a void marriage. Appellant, as here, had entered into a bigamous marriage later annulled as void. The court held that the remarriage even though void from the beginning extinguished appellant's right to further alimony on the ground that the reasons given in *Sefton* for termination of alimony because of a voidable second marriage apply with equal force to a void marriage. Said the court at pages 873-874: "In *Sefton* v. *Sefton, supra,* 45 Cal.2d 872, the Supreme Court considered the effect on alimony rights of an annulled, voidable remarriage. Although the opinion does not discuss the distinction between void and voidable marriages, the court suggested that different consequences might result from the two types of invalid remarriages (see 45 Cal.2d at pp. 875-876). The actual holding of *Sefton* was that although an annulment is often said to erase entirely the existence of a marriage (see *McDonald* v. *McDonald* (1936) 6 Cal.2d 457 [58 P.2d 163, 104 A.L.R. 1290]) annulment of the *voidable* marriage which had occurred in that case did not reinstate the alimony obligation. One basis for this decision was that third parties would be injured by a rule that an annulment relates back to the time of the marriage ceremony. The court cited section 86 of the Civil Code in support of this theory and also pointed out that other exceptions to the relation-back doctrine have evolved for the protection of third parties (e.g., children of all annulled marriages, whether void or voidable, are legitimate). (Civ. Code,

§§ 84, 85.) The court also noted the following reasons why alimony should not be reinstated (45 Cal.2d at pp. 876-877):

"1. The former husband is entitled to rely upon his ex-wife's apparent marital status after a new marriage ceremony and should thereafter be permitted to recommit assets previously chargeable to alimony obligations.

"2. The basis for the annulment proceedings will likely be known by and of concern to only the individual parties involved, and relief by way of annulment may well never be sought by the offended party.

"3. Although the former husband is innocent of any wrongdoing, and the wife may be so, 'it accords with the policy of the law to look less favorably upon the more active of two innocent parties when by reason of such activity a loss is sustained as the result of the misconduct of a stranger.' All the reasons given for the *Sefton* holding apply with equal force to a void second marriage. We are therefore not persuaded by dictum to the contrary effect in *Husted* v. *Husted, supra,* 222 Cal.App.2d, at p. 53." *Berkely* concluded, at page 875: "We find no persuasive reason for distinguishing between the effects upon alimony of a void and a voidable remarriage. Either constitutes a remarriage under section 139 of the Civil Code; either terminates the alimony rights of the remarried spouse."

The order is affirmed.

Thompson, J., and Gustfason, J., concurred.