I respectfully dissent.
As the majority opinion states, this is a case of first impression. I believe the better view is that the divorce decree requires the conclusion that when the wife went through the ceremony of marriage with another man, her right to alimony ceased. Put another way, the wife remarried and the decree provided that alimony would cease upon remarriage. A subsequent annulment, whether based on a void or voidable marriage, does not reinstate the alimony. See Fry v. Fry, 5 Cal.App.3d 169,85 Cal.Rptr. 126 (1970); Torgan v. Torgan, 159 Colo. 93,410 P.2d 167 (1966); Keeney v. Keeney, 211 La. 585, 30 So.2d 549 (1947);Surabian v. Surabian, 362 Mass. 342, 285 N.E.2d 909 (1972);Denberg v. Frischman, 24 A.D.2d 100, 264 N.Y.S.2d 114 (1965).
The reasons, as stated in the majority opinion, for not reinstating alimony in situations where the second marriage is voidable appear to me to be just as applicable in a void second marriage situation. Furthermore, it would appear to me that the majority's reasoning would necessarily mean that in a void marriage situation, the wife would be entitled to the alimony not paid to her while she was "married."
I would affirm the trial court.